**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 27 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

ALFREDO GALEAS-VILLEDA,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    14-73007

Agency No. A095-761-270

MEMORANDUM*

---

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 25, 2020**

Before:  TROTT, SILVERMAN, and N.R. SMITH, Circuit Judges.

Alfredo Galeas-Villeda, a native and citizen of Honduras, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for asylum as

untimely and on the merits, withholding of removal, and relief under the

Convention Against Torture ("CAT").  We have jurisdiction pursuant to 8 U.S.C.

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1252. We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We deny in part and dismiss in part the petition for review.

When this case was last before the Court, the parties agreed to a remand to allow the BIA the opportunity to provide further consideration in light of *Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013). In *Henriquez-Rivas*, we held that the BIA had erred by rejecting a proposed particular social group without considering record evidence that supported the petitioner's claim. 707 F.3d at 1091-92. On remand in this case, the BIA examined the record and noted that it contained evidence of "ongoing and widespread violence by criminal gangs in Honduras." The BIA held, however, that the record "does not sufficiently show that young males who oppose gangs and refuse to join are perceived, considered, or recognized by Honduran society to be a distinct social group." The BIA further held that Galeas-Villeda's anti-gang opinions failed to establish persecution on account of a political or imputed political opinion.

The agency did not err in concluding that Galeas-Villeda had failed to establish persecution or a well-founded fear of future persecution on account of his

membership in a cognizable social group or his political opinion. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular social group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))); *see also Ramos-Lopez v. Holder*, 563 F.3d 855, 858-62 (9th Cir. 2009) (holding that young Honduran men who have been recruited by gangs but refuse to join does not constitute a particular social group or political opinion), *abrogated in part by Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1093 (9th Cir. 2013) (en banc). Substantial evidence supports the agency's determination that Galeas-Villeda failed to establish that the harm he suffered or fears in Honduras was or would be on account of a protected ground. *See Ramos-Lopez*, 563 F.3d at 862 (refusal to join gang was not a political opinion); *see also Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground").[1] Thus, Galeas-Villeda's asylum and withholding of

---

[1] To the extent that Galeas-Villeda asserts persecution based on harm his family members may have experienced, we lack jurisdiction to consider this unexhausted claim. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

14-73007

removal claims fail.[2]

Substantial evidence also supports the agency's denial of CAT relief because Galeas-Villeda failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Honduras. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009); *see also Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (generalized evidence of violence and crime in petitioner's home country was insufficient to meet standard for CAT relief). We reject Galeas-Villeda's contention that the agency failed to properly consider his CAT claim. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (the BIA adequately considered evidence and sufficiently announced its decision).

**PETITION FOR REVIEW IS DENIED in part; DISMISSED in part.**

---

[2] Because Galeas-Villeda's asylum claim fails on the merits, we need not address whether his asylum application was timely filed.